UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AMCO INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:09-CV-102 |
| | ) |
| NEIL KUMAR, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff AMCO Insurance Company filed its complaint in this Court on April 21, 2009, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket # 1.) In its complaint, the Plaintiff alleges that it is "an insurance company incorporated in the State of Iowa, and has its principal place of business at 1100 Locust Street, Des Moines, Iowa." (Compl. ¶ 4.) Plaintiff's jurisdictional allegations, however, inadequately set forth the citizenship of some of the defendants.

To begin, with respect to Defendant Starlite Inn, LLC, the Plaintiff alleges that it "is incorporated in the State of Indiana, and has its principal place of business at 6201 Opportunity Lane, Merrillville, Indiana." (Compl. ¶ 8.) However, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of all the members of Starlite Inn, LLC to ensure that none of its members share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Starlite Inn, LLC who are a partnership or a limited liability company, as anything less can result

in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

The Plaintiff also alleges, "Defendant, Merrillville Motel Associates, LP is registered in the state of Indiana as a limited partnership with its principal place of business at 130 N. State Street, North Vernon, Indiana." (Compl. ¶ 10.) However, "a limited partnership has the citizenships of each partner, general and limited." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (emphasis added) ("There is no such thing as 'a [state name] limited partnership' for purposes of the diversity jurisdiction. There are only partners, each of which has one or more citizenships."); *see also Hart v. Terminex Int'l*, 336 F.3d 541, 544 (7th Cir. 2003). Thus, the court would "need to know the name and citizenship(s) of its general *and* limited partners." *Guar. Nat'l Title Co.*, 101 F.3d at 59 (emphasis added); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320-21 (7th Cir. 2002). Moreover, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson*, 312 F.3d at 320; *see also Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998) ("[B]oth general and limited partnerships are citizens of every jurisdiction of which any partner is a citizen."). Here, the Plaintiff has advised the Court of Merrillville Motel Associates's general partner (Lees Inns of America, Inc.) and its citizenship (incorporated in the State of Indiana with its principal place of business in Merrillville, Indiana), but the Plaintiff has not done likewise as to any limited partners. (*See* Compl. ¶¶ 9-10.)[1]

---

[1] Notably, there appears to be a discrepancy as to whether Merrillville Motel Associates is a limited partnership or a limited liability partnership. Although the Plaintiff refers to it as "Merrillville Motel Associates, LP" throughout its complaint (*see* ¶¶ 10, 13, 32), it is docketed as "Merrillville Motel Associates, LLP." Regardless, the Plaintiff must amend its jurisdictional allegations as set forth above. *See Morgan, Lewis & Bockius LLP v. City of East Chicago*, No. 08 C 2748, 2008 WL 4812658, at *1 (N.D. Ill. Oct. 29, 2008) ("[F]or purposes of diversity jurisdiction, a limited liability partnership has the citizenship of all of its partners.").

Finally, the Plaintiff articulates that Defendant "Chuhar Chuhar, d/b/a Starlite Inn, is a citizen of the State of Indiana." (Compl. ¶ 7.) It is unclear, however, what sort of entity Chuhar Chuhar is. If Chuhar Chuhar is a natural person, the Plaintiff's allegations would be adequate. *See Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) ("For natural persons, state citizenship is determined by one's domicile."); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). However, if Chuhar Chuhar is not a natural person, then the Plaintiff must properly articulate the entity's citizenship.

Therefore, the Plaintiff is ORDERED to file an amended complaint forthwith, properly alleging the citizenship of each party and tracing the citizenship of all unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for this 22nd day of April, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge